Leah T. Handelman
Emma L. Mediak
GARLINGTON, LOHN & ROBINSON, PLLP
350 Ryman Street • P. O. Box 7909
Missoula, MT  59807-7909
Phone (406) 523-2500
Fax (406) 523-2595
lthandelman@garlington.com
elmediak@garlington.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> ROYCE PAXSON, JOLENE PAXSON, and FARMERS UNION MUTUAL INSURANCE COMPANY <br><br> Defendants. | Cause No. <br><br><br> COMPLAINT FOR DECLARATORY JUDGMENT |

Plaintiff Scottsdale Insurance Company ("Scottsdale"), by and through its

counsel, Garlington, Lohn, & Robinson, PLLP, for its Complaint for Declaratory

Judgment, states and alleges as follows:

## I.    PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Scottsdale is an insurance company organized under the laws of Ohio and with its principal place of business in Scottsdale, Arizona.  Scottsdale is authorized to conduct business in Montana.

2.    Defendant Royce Paxson is an individual with his principal residence in Custer County, Montana.

3.    Defendant Jolene Paxson is an individual with her principal residence in Custer County, Montana.

4.    Royce Paxson and Jolene Paxson are married (collectively referred to as the "Paxsons").

5.    Defendant Farmers Union Mutual Insurance Company ("FUMICO") is an insurance company under the laws of the state of Montana with its principal place of business in Great Falls, Montana.

5.    Scottsdale issued a Homeowners Policy bearing policy number HOS1130335 to the Paxsons, the Named Insureds, with a period from 1/17/2022 to 1/17/2023 ("Policy").  A true and correct copy of the Policy is attached as Exhibit A, with premium information redacted ("Ex. A").

6.    FUMICO issued a Commercial General Liability policy to Paxson Brothers, LLC dba Paxson Flooring, with a policy period of January 13, 2022 to January 13, 2023 ("FUMICO Policy").

7.      The Paxsons have demanded coverage under the Policy for claims brought against them by Sarina Venable as guardian of Kyler Venable ("Venable"), a minor, in an action styled:  *Venable v. Paxson Brothers, LLC et al.* (16th Jud. Dist. Ct. Jan. 9, 2023) (DV-23-2) (the "Underlying Action").  A true and correct copy of the Underlying Action Complaint is attached as Exhibit B ("Ex. B").

8.      The Paxsons have demanded coverage under the FUMICO Policy for the claims brought against them in the Underlying Action as well.  FUMICO is defending the Paxsons in the Underlying Action in conjunction with Scottsdale and is also defending Paxson Brothers, LLC.

9.      Venable seeks compensatory damages, punitive damages, and costs in excess of $75,000.00 in the Underlying Action.

10.     Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and Scottsdale is a citizen of a different state than the Paxsons and FUMICO.

11.     Venue is proper in the Billings Division of the District of Montana as the Paxsons reside in Custer County, the events giving rise to the Underlying Action occurred in Garfield County, and any potential judgment against the Paxsons would be obtained in Custer County pursuant to the Underlying Action further described below.

12.     There is an actual justiciable controversy between Scottsdale and the Paxsons concerning their rights and obligations under the Policy.

## II.     GENERAL ALLEGATIONS

13.     The parties' rights and obligations under the Policy, specifically whether Scottsdale has a duty to defend or indemnify the Paxsons on the claims alleged against them in the Underlying Action is the subject of this action.

### A.     The Underlying Action

14.     On July 9, 2022, the Paxsons and a group of their 15-year-old son's friends were staying at a lake cabin located at 2456 Hell Creek Road in Jordan, Montana ("Family Cabin").

15.     The Family Cabin is owned by an LLC, of which Royce is a member.

16.     On July 9, 2022, the Paxsons' son was operating a 2018 Polaris Ranger Crew 570-4 (the "Polaris ATV"), with Kyler Venable as a passenger when the Polaris ATV tipped onto its side, crushing Kyler's leg (hereinafter the "ATV Incident").

17.     The ATV Incident occurred on one of the paths in Hell Creek State Park, which is a state recreational and camping area located on the other side of Hell Creek Road from the Family Cabin.

18.     The Polaris ATV was titled in Royce's name at 519 Winchester Avenue in Miles City, Montana 59301.

19.    The title denotes that the Polaris ATV was "street legal" and at the time of the accident, was registered for use on both regular and off-highway use with the Montana Department of Justice Motor Vehicle Division.

20.    On January 9, 2023, Venable filed a Complaint and Jury Trial Demand in the Montana Sixteenth Judicial District Court, Custer County against Paxson Brothers, LLC d/b/a Paxson Flooring ("Paxson Flooring"), the Paxsons, and John Does I-V.  Ex. B.

21.    The allegations in the Underlying Action can be summarized as follows: On July 9, 2022, the Paxsons allegedly allowed a number of minor children to use a Polaris ATV.  Although Royce Paxson owned the ATV, the Underlying Action alleges that the ATV was used and controlled by Paxson Flooring as business equipment, for among other things, snow removal from Paxson Flooring.  Because of this, the Underlying Action alleges that the Polaris ATV was "de facto, Paxson Flooring business equipment."

The minor children allegedly had no lawful or practical ability to safely operate the ATV, and thus the Paxsons' conduct in allowing them to use it was allegedly negligent.  The Underlying Action further alleges that Paxson Flooring "knew or should have known of the high degree of probability of injury to the minor children" and that the Paxsons and Paxson Flooring "failed to act to supervise or protect the minor children."  According to the Underlying Action, due

to the Paxsons' and Paxson Flooring's alleged negligence, Kyler suffered

catastrophic, life-changing injuries and near death.  In addition, the Underlying

Action alleges that it was negligence per se to provide a Polaris ATV to children

14 years old and younger.

The Underlying Action also alleges that the Paxsons and Paxson Flooring,

individually and collectively, acted in concert to exercise negligent supervision and

control of the Polaris ATV.  In this regard, the Underlying Action specifically

alleges that in addition to compensatory damages and costs of suit, Venable is

entitled to punitive damages on the grounds that the Paxsons' and Paxson

Flooring's conduct constitutes actual malice under Montana law.

22.    The Paxsons tendered the claim under the Policy to Scottsdale.

23.    Scottsdale issued reservation of rights letter to the Paxsons under

which it agreed to provide them with a defense for the allegations in the

Underlying Action under a complete reservation of rights.  A true and correct copy

of the reservation of rights letter sent to the Paxsons on February 14, 2023, is

attached as Exhibit C ("Ex. C").

**B.    Relevant Policy Provisions**

24.    The Policy's declarations identify the Residence Premises as 519

Winchester Avenue in Miles City, Montana.

25.     The Policy contains Homeowners 3 – Special Form which provides the general insuring agreements for its property and liability coverages as well as the following pertinent definitions:

**AGREEMENT**

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

**DEFINITIONS**

A.     In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household. "We", "us" and "our" refer to the Company providing this insurance.

B.     In addition, certain words and phrases are defined as follows:

    **1.**     "Aircraft Liability"; "Hovercraft Liability"; "Motor Vehicle Liability" and "Watercraft Liability", subject to the provisions in b. below, mean the following

        **a.**     Liability for "bodily injury" or "property damage" arising out of the:

            **(1)**     Ownership of such vehicle or craft by an "insured";

            **(2)**     Maintenance, occupancy, operation, use, loading or unloading of such vehicle or craft by any person;

            **(3)**     Entrustment of such vehicle or craft by an "insured" to any person;

            **(4)**     Failure to supervise or negligent supervision of any person involving such vehicle or craft by an "insured"; or

            **(5)**     Vicarious liability, whether or not imposed by law, for the actions of a child or minor involving such vehicle or craft.

        **b.**     For the purpose of this definition:

            . . .

            **(4)**     Motor vehicle means a "motor vehicle" as defined in **7.** below.

**2.**    "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.

. . .

**5.**    "Insured" means:
- **a.**    You and residents of your household who are:
  - **(1)**    Your relatives; or
  - **(2)**    Other persons under the age of 21 and in your care or the care of a resident of your household who is your relative;

  . . .

- **c.**    Under Section **II:**

  . . .

  - **(2)**    With respect to a "motor vehicle" to which this policy applies:
    - **(a)**    Persons while engaged in your employ or that of any person described in **5.a.** or **b.;** or
    - **(b)**    Other persons using the vehicle on an "insured location" with your consent.

**6.**    "Insured location" means:
- **a.**    The "residence premises"
- **b.**    The part of other premises, other structures and grounds used by you as a residence; and
  - **(1)**    Which is shown in the Declarations; or
  - **(2)**    Which is acquired by you during the policy period for your use as a residence;
- **c.**    Any premises used by you in connection with a premises described in **a.** and **b.** above;
- **d.**    Any part of a premises:
  - **(1)**    Not owned by an "insured"; and
  - **(2)**    Where an "insured" is temporarily residing;
- **e.**    Vacant land, other than farm land, owned by or rented to an "insured";
- **f.**    Land owned by or rented to an "insured" on which a one-, two-, three- or four-family dwelling is being built as a residence for an "insured";
- **g.**    Individual or family cemetery plots or burial vaults of an "insured"; or

> **h.**  Any part of a premises occasionally rented to an "insured" for other than "business" use.

**7.**  "Motor vehicle" means:
>   **a.**  A self-propelled land or amphibious vehicle; or
>   **b.**  Any trailer or semitrailer which is being carried on, towed by or hitched for towing by a vehicle described in **a.** above.

**8.**  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:
>   **a.**  "Bodily injury"; or
>   **b.**  "Property damage".

> . . .

**11.**  "Residence premises" means:
>   **a.**  The one-family dwelling where you reside;
>   **b.**  The two-, three- or four-family dwelling where you reside in at least one of the family units; or
>   **c.**  That part of any other building where you reside; and which is shown as the "residence premises" in the Declarations.
>
> "Residence premises" also includes other structures and grounds at that location.

Ex. A at 15-16.

26.    The Policy's liability coverages are set forth under Section II of the

Homeowners 3- Special Form.  Under Section II, Coverage E, the Policy provides

the following Personal Liability Coverage:

**SECTION II – LIABILITY COVERAGES**

**A.    Coverage E – Personal Liability**

> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

1.      Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and

2.      Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability for the "occurrence" has been exhausted by payment of a judgment or settlement.

Ex. A at 31.

27.    Under Section II, Coverage F, the Policy also provides Medical

Payments Coverage. Coverage F is modified and replaced by the following

Montana Medical Payments to Others Amendatory Endorsement:

**MONTANA MEDICAL PAYMENTS TO OTHERS AMENDATORY ENDORSEMENT**

**SECTION II – LIABILITY COVERAGES**

Paragraph **B. Coverage F – Medical Payments to Others** in all forms and in Endorsement **HO 24 73** is deleted and replaced by the following:

**B.**    We will pay the necessary medical expenses that are incurred or medically ascertained within three years from the date of an accident causing "bodily injury." Medical expenses means charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services. This coverage does not apply to you or regular residents of your household except "residence employees" ("residence employees" or "insured farm employees" when Endorsement **HO 24 73** is attached). As to others, this coverage applies only:

1.      To a person on the "insured location" with the permission of an "insured"; or
2.      To a person off the "insured location", if the "bodily injury":

**a.**   Arises out of a condition on the "insured location" or the ways immediately adjoining;

**b**.   Is caused by the activities of an "insured";

**c.**   Is caused by a "residence employee" ("residence employee" or a "farm employee" when endorsement **HO 24 73** is attached) in the course of such employee's employment by an "insured"; or

**d.**   Is caused by an animal owned by or in the care of an "insured".

All other provisions of the policy apply.

Ex. A at 41.

28.   Section II of the Policy also contains the following pertinent liability coverage exclusions:

## SECTION II – EXCLUSIONS

**A.   "Motor Vehicle Liability"**

**1.**   Coverages **E** and **F** do not apply to any "motor vehicle liability" if, at the time and place of an "occurrence", the involved "motor vehicle":

**a.**   Is registered for use on public roads or property;

**b.**   Is not registered for use on public roads or property, but such registration is required by a law, or regulation issued by a government agency, for it to be used at the place of the "occurrence"; or

**c.**   Is being:

**(1)**   Operated in, or practicing for, any prearranged or organized race, speed contest or other competition;

**(2)**   Rented to others;

**(3)**   Used to carry persons or cargo for a charge; or

**(4)**   Used for any "business" purpose except for a motorized golf cart while on a golfing facility.

**2.**   If Exclusion **A.1.** does not apply, there is still no coverage for "motor vehicle liability", unless the "motor vehicle" is:

**a.**   In dead storage on an "insured location";

**b.**   Used solely to service a residence;

    **c.**    Designed to assist the handicapped and, at the time of an "occurrence", it is:

       **(1)**    Being used to assist a handicapped person; or

       **(2)**    Parked on an "insured location";

    **d**.    Designed for recreational use off public roads and:

       **(1)**    Not owned by an "insured"; or

       **(2)**    Owned by an "insured" provided the "occurrence" takes place:

          **(a)**    On an "insured location" as defined in Definition **B.6.a., b., d., e. or h.;** or

          **(b)**    Off an "insured location" and the "motor vehicle" is:

             **(i)**    Designed as a toy vehicle for use by children under seven years of age;

             **(ii)**    Powered by one or more batteries; and

             **(iii)**    Not built or modified after manufacture to exceed a speed of five miles per hour on level ground;

. . .

**E.**    **Coverage E – Personal Liability And Coverage F- Medical Payments to Others**

Coverages **E** and **F** do not apply to the following:

. . .

**4.**    **"Insured's" Premises Not An "Insured Location"**

"Bodily injury" or "property damage" arising out of a premises:

**a.**    Owned by an "insured";

**b.**    Rented to an "insured"; or

**c.**    Rented to others by an "insured";

that is not an "insured location";

Ex. A at 31-33.

    29.    In addition to the foregoing pertinent exclusions, the Policy also

contains an Amendatory Endorsement which contains a Punitive or Exemplary

Damage Exclusion as follows:

**AMENDATORY ENDORSEMENT**

**PUNITIVE OR EXEMPLARY DAMAGE EXCLUSION**

This policy does not apply to a claim, or indemnification, for punitive or exemplary damages.

Punitive or exemplary damages includes any damage award pursuant to statute, of double, treble or other multiple damages in excess of compensatory damages.

If suit is brought against the insured for a claim covered under the policy, seeking both compensatory and punitive or exemplary damages, the Company will afford a defense to such action. However, the Company will have no obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages.

Ex. A at 51.

30.    Finally, Section II of the Policy also contains the following pertinent

conditions:

**SECTION II – CONDITIONS**

. . .

**H.    Other Insurance**

This insurance is excess over other valid and collectible insurance except insurance written specifically to cover excess over the limits of liability that apply in this policy.

Ex. A at 36.

### III.    COUNT I – DECLARATORY JUDGMENT

31.    Scottsdale repleads and incorporates by reference Paragraphs 1-30

above.

32.     Scottsdale has no duty to defend or indemnify the Paxsons in the Underlying Action, in whole or in part, due to one or all of the following reasons:

a.      Part A.1 of the Policy's Motor Vehicle Liability Exclusion precludes coverage under the Policy for the Underlying Action in whole or in part because the allegations in the Underlying Complaint are for "motor vehicle liability" as defined in the Policy, the ATV Incident involved a "motor vehicle" as defined in the Policy, and the Polaris was registered and/or was required to be registered at the time and place of the "occurrence."

b.      Part A.2 of the Policy's Motor Vehicle Liability Exclusion precludes coverage under the Policy for the Underlying Action in whole or in part because the allegations in the Underlying Complaint are for "motor vehicle liability" as defined in the Policy, the ATV Accident involved a "motor vehicle" as defined in the Policy, and the ATV Incident did not take place on an "insured location" as defined in the Policy.

c.      The Policy's Punitive or Exemplary Damages Exclusion Endorsement precludes coverage for any punitive or exemplary damages assessed against the Paxsons.

33.     Under the Policy's Other Insurance provision, even if coverage is available under the Policy, it is excess over any other liability insurance available to the Paxsons, including the FUMICO Policy.

34.     Other facts and circumstances documented during this proceeding may further limit Scottsdale's duty to defend or indemnify the Paxsons.

## IV.   PRAYER FOR RELIEF

**WHEREFORE**, Scottsdale requests the following relief:

1.     For Count I for Declaratory Judgment, a judicial declaration that Scottsdale has no duty to defend or indemnify the Paxsons in whole or in part, in connection with the Underlying Action.

2.     For Count I for Declaratory Judgment, a judicial declaration that the Policy is excess over other liability insurance available to the Paxsons.

3.     For recoupment of its defense costs, including attorneys' fees paid to defend the Underlying Action;

4.     For pre-judgment and post-judgment interest; and

5.     For other such relief as the Court deems just.

DATED this 28th day of April, 2023.

/s/  Emma L. Mediak
Attorneys for Plaintiff