IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>               Plaintiff,<br><br>vs.<br><br>ROYCE PAXSON, JOLENE PAXSON, and FARMERS MUTUAL INSURANCE COMPANY,<br><br>               Defendants.<br>_____<br>FARMERS UNION MUTUAL INSURANCE COMPANY,<br><br>               Third-Party Plaintiff,<br><br>vs.<br><br>PAXSON BROTHERS, LLC d/b/a PAXSON FLOORING,<br><br>               Third-Party Defendants,<br><br>SARINA VENABLE as Guardian of KYLER VENABLE, a Minor,<br><br>               Intervenors. | CV  23-52-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Plaintiff Scottsdale Insurance Company ("Scottsdale") filed this action

seeking declaratory judgment as to its duty to defend or indemnify its insureds,

1

Defendants Royce and Jolene Paxson (collectively "the Paxsons"), in connection with an underlying state court action. (Doc. 1.)

Presently before the Court is Scottsdale's unopposed Motion for Summary Judgment (Doc. 21), which has been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B). The motion, being unopposed, is ripe for the Court's review.

Having considered the parties' submissions, the Court **RECOMMENDS** that Scottsdale's motion be **GRANTED**.

**I.     BACKGROUND**

On July 9, 2022, the Paxsons and a group of their 15-year-old son's friends were staying at a lake cabin owned by an LLC, of which Royce Paxson is a member. The cabin is located at 2456 Hell Creek Road in Jordan, Montana. On that date, the Paxsons' son was driving a Polaris ATV in Hell Creek State Park with Kyler Venable as a passenger, when the ATV tipped, injuring Kyler.

At the time of the accident, the ATV was owned by the Paxsons. It was titled as "street legal," and was registered for both regular and off-highway use with the Montana Department of Justice Motor Vehicle Division.

On January 9, 2023, Kyler and his mother Sarina Venable filed suit against the Paxsons and their business, Paxson Brothers LLC d/b/a Paxson Flooring (the "Underlying Litigation"). The complaint in the Underlying Litigation alleges that the Paxsons and Paxson Flooring negligently exercised supervision and control

over the ATV and the children, by giving the children access to the ATV and allowing them to use it without supervision. The Venables seek compensatory damages, costs of suit, and punitive damages.

At the time of the accident, Scottsdale insured the Paxsons under a Homeowners Policy, bearing policy number HOS1130335, with a policy period from January 17, 2022 to January 17, 2023 (the "Policy"). The Policy contained personal liability coverage of $300,000 and medical payments coverage of $5,000.

The Paxsons tendered the Venables' claim to Scottsdale under the Policy. Scottsdale issued a reservation of rights letter to the Paxsons, agreeing to provide them with a defense subject to a reservation of rights.

On April 28, 2023, Scottsdale filed this action against the Paxsons and Farmers Union Mutual Insurance Company ("FUMICO"), who issued a Commercial General Liability Policy to the Paxson's business. Scottsdale seeks a declaration that it has no obligation under the Policy to defend or indemnify the Paxsons in the Underlying Litigation. Scottsdale further alleges that even if coverage is available for the Paxsons, it would be excess over any other liability insurance available to the Paxsons, including the FUMICO policy issued to the Paxsons' business.

FUMICO answered Scottsdale's complaint and filed a crossclaim against the Paxsons and a third-party complaint against Paxson Flooring. On July 20, 2023,

the Venables intervened in this action.  In their brief in support of the motion to intervene, the Venables state that they do "not contest Scottsdale's claim that its Policy does not afford coverage for the claim in the underlying lawsuit."  (Doc. 13 at 2.)  Scottsdale represents that FUMICO also does not dispute coverage for the Paxsons under the Policy.  (Doc. 23 at 7.)

On August 2, 2023, default was entered against the Paxsons for failure to appear, plead, or otherwise defend in accordance with Rule 55(a).  (Doc. 17.)  Scottsdale now moves for summary judgment, seeking a declaration that it has no duty to defend or indemnify the Paxsons in the Underlying Litigation.  (Doc. 21.)  No party has opposed the motion, and the time for responses has expired.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate under Rule 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  When making this determination, the Court must

view all inferences drawn from the underlying facts in the light most favorable to the non-moving party. *See Matsushita*, 475 U.S. at 587.

District courts may not grant summary judgment "simply because no papers opposing the motion are filed or served." *Cristobal v. Siegel*, 26 F.3d 1488, 1491 (9th Cir. 1994). Rather, the Court is obligated to "carefully evaluate[] the moving papers" to determine whether genuine issues of material facts exist that would preclude summary judgment. *Id.* at 1495, n.4. Thus, even in the absence of a response, the burden remains with the moving party to demonstrate it is entitled to judgment as a matter of law. *Id.* "Nonetheless, a court can grant an unopposed summary judgment motion if the movant's papers do not reveal a genuine issue of material fact, and are themselves sufficient to warrant summary judgment." *Winters v. Country Home Products*, 654 F.Supp.2d 1173, 1179 (D. Mont. 2009).

### III. DISCUSSION

The Court's jurisdiction over this action is based on diversity of citizenship. Thus, the Court must apply the substantive law of Montana. *Medical Laboratory Mgmt. Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002). In Montana, the interpretation of an insurance contract is a question of law. *Scentry Biologicals, Inc. v. Mid-continent Cas. Co.*, 319 P.3d 1260, 1264 (2014). Insurance policies should be enforced as written when the language is clear and unambiguous. *Nat'l Cas. Co. v. Am. Bankers Ins. Co.*, 19

5

P.3d 223 (Mont. 2001).  Although insurance policies are construed "strictly against the insurer and in favor of the insured," courts should not "seize upon certain and definite covenants expressed in plain English with violent hands, and distort them so as to include a risk clearly excluded by the insurance contract."  *Travelers Cas. & Sur. Co. v. Ribi Immunochem Research, Inc.*, 108 P.3d 469, 474 (Mont. 2005).

Scottsdale argues the claims against the Paxsons in the Underlying Litigation are not covered under the Policy, based on Parts A.1. and A.2. of the Policy's Motor Vehicle Liability Exclusion and the Punitive or Exemplary Damage Exclusion Endorsement.

A. **Motor Vehicle Liability Exclusion**

The Policy affords Personal Liability Coverage under Coverage E, and Medical Payments to Others Coverage under Coverage F.  (Doc. 22 at ¶¶ 4, 5.) The Policy also contains an exclusion for Motor Vehicle Liability, which applies to both Coverage E and Coverage F.  In pertinent part, Parts A.1. and A.2. of the motor vehicle exclusion provide:

> A. **"Motor Vehicle Liability"**
>
> **1.** Coverages **E** and **F** do not apply to any "motor vehicle liability" if, at the time and place of an "occurrence," the involved "motor vehicle";
>
>> **a.** Is registered for use on public roads or property;
>>
>> . . .

>    **2.**   If Exclusion A.1. does not apply, there is still no coverage for "motor vehicle liability," unless the "motor vehicle" is":
>
>    . . .
>
>    > **d.**   Designed for recreational use of public roads and:
>    >    **(1)**   Not owned by an "insured"; or
>    >    **(2)**   Owned by an "insured" provided the "occurrence" takes place:
>    >
>    >    > **(a)**   On an "insured location" as defined in Definition B.6.a., b., d., e. or h.

(Doc. 22 at ¶ 6.)

The definition of "motor vehicle" in the Policy means "a self-propelled land or amphibious vehicle." (*Id.* at ¶ 3.) The Policy defines "motor vehicle liability," in relevant part, as liability for "bodily injury" or "property damage" arising from the (1) ownership of such vehicle by an "insured"; (2) maintenance, occupancy, operation, use, loading or unloading of such vehicle by any person; (3) entrustment of such vehicle by an "insured" to any person; (4) failure to supervise or negligent supervision of any person involving such vehicle by an "insured"; or (5) vicarious liability, whether or not imposed by law, for the actions of a child or minor involving such vehicle or craft. (*Id.*)

Here, Part A.1. of the Motor Vehicle Liability Exclusion plainly precludes coverage for the Underlying Litigation. It is undisputed that the ATV is a "motor vehicle" under the Policy. It is further undisputed that that Underlying Litigation

7

alleges liability against the Paxsons for "bodily injury" arising out of the negligent entrustment of the ATV, and the failure of the Paxsons to supervise the use of the ATV.  Thus, the claims against the Paxsons fall under the definition of "motor vehicle liability" under the Policy.  Finally, it is undisputed that the ATV was titled as "street legal," and was registered for both regular and off-highway use with the Montana Department of Justice Motor Vehicles Division.  As such, the ATV was "registered for use on public roads or property" at the time of the accident.

Accordingly, the Motor Vehicle Liability Exclusion unambiguously applies, and coverage for the Underlying Litigation is excluded under both Coverages E and F.[1]

### B.     Punitive or Exemplary Damage Exclusion Endorsement

The Policy also contains an Amendatory Endorsement which provides the following Punitive or Exemplary Damage Exclusion:

> This policy does not apply to a claim, or indemnification, for punitive or exemplary damages.
>
> Punitive or exemplary damages includes any damage award pursuant to statute, of double, treble or other multiple damages in excess of compensatory damages.
>
> If suit is brought against the insured for a claim covered under the policy, seeking both compensatory and punitive or exemplary damages, the Company will afford a defense to such action.

---

[1] Because the Court finds coverage is excluded under Part A.1. of the Motor Vehicle Exclusion, the Court need not reach Scottsdale's alternative argument that there is no coverage under Part A.2.

> However, the Company will have no obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages.

(Doc. 22 at ¶ 7.)

Montana law provides that "[i]nsurance coverage does not extend to punitive or exemplary damages unless expressly included by the contract of insurance." Mont. Code Ann. § 33-15-317(1). Because the Policy here expressly excludes indemnification for punitive or exemplary damages, there is no coverage for the punitive damages alleged against the Paxsons. Further, because there is no coverage under the Policy for the claims brought against the Paxsons, Scottsdale has no duty to defend the Paxsons in the underlying Litigation.

## IV.  CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that the Scottsdale's Motion for Summary Judgment (Doc. 21) be **GRANTED**.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 25th day of October, 2023.

                                                      _____
                                                      TIMOTHY J. CAVAN
                                                      United States Magistrate Judge